UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO RODRIGUEZ PENDAS,

      Petitioner,

v.

                                     Case No.:  2:26-cv-01690-SPC-NPM

U.S. ATTORNEY GENERAL *et al.*,

      Respondents,

                                           /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Pablo Rodriguez Pendas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Rodriguez Pendas is a native of Cuba who entered the United States without inspection on September 17, 1990.  An immigration judge ordered him excluded and deported to Cuba on August 6, 1991.  Immigration and Customs Enforcement placed Rodriguez Pendas on an order of supervision on November 1, 2004.  He has faithfully complied with its terms.  On December 16, 2025, local law enforcement arrested Rodriguez Pendas during a traffic stop and handed him over to ICE.  He is currently detained at Alligator Alcatraz. Rodriguez Pendas challenges the legality of his detention because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S.678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Rodriguez Pendas's petition is premature because his current detention has not exceeded 180 days. They assume a six-

month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rodriguez Pendas has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 1991, Cuba will not accept him for repatriation, and no third country has agreed to accept him. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Rodriguez Pendas will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Rodriguez Pendas to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Pablo Rodriguez Pendas's Petition for Writ of Habeas Corpus (Doc. 1) is

**GRANTED**.

1. The respondents shall release Rodriguez Pendas within 24 hours of this Order and provide him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record